P SEND
JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5384 PA (JEMx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Lincoln Wiley, et al. v. BNSF R.R. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

    Before the Court is a Notice of Removal filed by defendant BNSF R.R. ("Defendant") on July 23, 2009. Defendant asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

    Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter, 265 F.3d at 857. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

    When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v.

P SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-5384 PA (JEMx) | Date | August 7, 2009 |
|---|---|---|---|
| Title | Lincoln Wiley, et al. v. BNSF R.R. | | |

Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Here, the Complaint does not allege an amount in controversy. Therefore, it was incumbent upon Defendant to prove, by a preponderance of the evidence, facts demonstrating that the amount in controversy is satisfied. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). As shown below, Defendant has failed to meet this burden.

      Plaintiff's Complaint alleges damages according to proof. Although the amount in controversy includes attorney's fees if authorized by statute or contract, Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005), Plaintiff's Complaint does not allege the amount of attorney's fees sought. In its Notice of Removal, Defendant alleges that "it is facially apparent that each of the Plaintiffs seek to recover damages in excess of $75,000" based on there "allegations and reqeust for damages" for compensatory damages for "lost earnings, emotional distress, punitive damages, and attorneys' fees." (Not. of Removal ¶ 4.) This does not constitute affirmative evidence of the amount in controversy. Defendant has presented no evidence or facts either as to the amount of damages sought or as to the amount of attorneys' fees likely to be awarded. "If the amount in controversy is not clear on the face of the complaint . . . defendant must . . . . submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted).

      The allegations in Defendant's Notice of Removal are conclusory and are not even supported by evidence that damages greater than $75,000 have been awarded in cases similar to this one. See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Beaver v. NPC Int'l, Inc., 451 F. Supp. 2d 1196, 1198 (D. Or. 2006) ("This court and others have sanctioned the introduction of decisions and awards in similar cases as evidence of the amount in controversy."). Defendant has not met its burden to demonstrate that the amount in controversy exceeds $75,000 by a preponderance of the evidence. See Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001. The Court therefore determines that Defendant's conclusory allegation is wholly inadequate to invoke this Court's jurisdiction. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116-17 (9th Cir. 2004).

      Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations to establish the requisite amount in controversy, Defendant has failed to establish this Court's jurisdiction. See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly, the Court remands this action to the Los Angeles County Superior Court for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.